**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGEK, | No. 12-74237 |
| Petitioner, | Agency No. A088-459-746 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:      ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Agek, a native and citizen of Indonesia, petitions for review of the Board of

Immigration Appeals' order dismissing her appeal from an immigration judge's

decision denying her application for withholding of removal and protection under

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's determination that the incidents Agek experienced in Indonesia, even considered cumulatively, did not rise to the level of past persecution. *See Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009); *see also Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (record did not compel finding of past persecution where petitioner was discriminated against and harassed, but suffered no significant physical violence). Because Agek failed to demonstrate past persecution, she did not have a rebuttable presumption of future harm. *See* 8 C.F.R. § 1208.16(b)(1). Further, substantial evidence supports the agency's determination that, even under a disfavored group analysis, Agek failed to establish a clear probability of future persecution on account of her Chinese ethnicity. *See Halim*, 590 F.3d at 979; *Wakkary*, 558 F.3d at 1066 ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail[.]"). Consequently, Agek's withholding of removal claim fails.

Finally, substantial evidence also supports the agency's denial of Agek's CAT claim because she failed to demonstrate it is more likely than not she would

12-74237

be tortured by or with the consent or acquiescence of a public official in Indonesia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**